UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA

ANTHONY N. PORRAS,
PALOMA PORRAS,

    Plaintiffs,

    v.

DORIN TOMACU, ADRIAN CHITANU,
IMPEL UNION, INC., DRIVE LINE, INC.,
TOMY FREIGHT, INC.,

    Defendants.

CAUSE NO.: 2:18-CV-191-TLS

## OPINION AND ORDER

The Plaintiffs, Anthony and Paloma Porras, sued five Defendants in state court for personal injuries and loss of consortium arising out of a motor vehicle crash that occurred on May 9, 2016, in Gary, Indiana. The matter was removed to federal court on the basis of diversity jurisdiction. On May 23, 2018, Defendants Adrian Chitanu, Drive Line, Inc., and Tomy Freight, Inc., who had been served with the Complaint prior to its removal to federal court, filed their separate Answers to the Complaint. On May 23, 2018, Defendants Dorin Tomacu and Impel Union, Inc., filed a Motion for Extension of Time to Answer or Otherwise Plead to Plaintiff's Complaint at Law Pursuant to F.RC.P. 81 [ECF No. 7]. These Defendants asserted that they had not waived service, but to comply with Rule 81 and N.D. Ind. Local Rule 83-8(c), made their request "for an extension of time to answer or otherwise plead so that they can advise the Court that service has not been effectuated, and to reserve their right to assert a defense of 'insufficient service of process' under F.R.C.P. 12(b)(5) following the expiration of the 90 day time period stated in F.R.C.P. 4(m)." (Mot. ¶ 12.)

This matter is now before the Court on the Motion of Defendant Tomacu and Impel Union, Inc., to Dismiss Plaintiff's Complaint at Law [ECF No. 20]. The Defendants argue that dismissal of the Complaint against them is warranted pursuant to Federal Rule of Civil Procedure 12(b)(5) because the Plaintiff did not complete service within 90 days after filing the Complaint, as contemplated by Rule 4(m), or request waiver of service.

In response, the Plaintiffs rely on a conversation between their counsel and counsel for the Defendants regarding the unserved Defendants, which was had in connection with the parties July 25, 2018, or August 21, 2018, planning meeting. The Plaintiff's counsel asserts that,

> it was represented by counsel for the defendants that the proper corporate defendant had been served and it was Plaintiff's [sic] counsel's belie[f] based upon that statement that the unserved defendants were unrelated to this case and that the proper defendants were served. Counsel for the plaintiffs mistakenly understood this to mean that the driver and his DOT employer were properly served.

(Resp. ¶ 5.) That is, counsel mistakenly believed that Adrian Chitanu, a party he had successfully served, was the driver of the vehicle that crashed into the Plaintiff's vehicle. He further contends that discovery has progressed "under the assumption that the proper parties were served, and issues closed." (*Id.* ¶ 6.) Not until after receiving the Defendant's Motion to Dismiss did the Plaintiffs' counsel research again who was driving the vehicle, and discover that the driver, Defendant Tomacu, was not successfully served with the summons. The Plaintiffs submit that written discovery served on the Defendants is reasonably calculated to reveal Tomacu's current contact information, which would permit the Plaintiffs to serve Tomacu with a request to waive service of process. The Plaintiffs note that that the Defendants will not be prejudiced by an extension of time for service of process because they have, at all times, been represented by counsel hired by the Defendants' insurer.

# ANALYSIS

The Defendants' Motion to Dismiss is predicated on the service requirements of Rule 4, particularly the time requirements:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Where service has not been obtained in a timely fashion, such as in this case, it is the plaintiff's burden to demonstrate good cause for this failure. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) (citing *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988)). If the plaintiff meets this burden and demonstrates good cause for the untimely service, the court must provide the plaintiff with an extension of time. *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 382–83 (7th Cir. 1998). Good cause exists if the plaintiff can point to a "valid reason" for the delay in service. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002) (offering the defendant's evasion of service as an example of a valid reason). Although there is no precise test for good cause, the plaintiff must show, at a minimum, "reasonable diligence" in his or her efforts to serve the defendant. *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) (citing *Tso v. Delaney*, 969 F.2d 373, 377 (7th Cir. 1992)).

Here, the Court finds that counsel's erroneous assumptions about which Defendant was the driver of the vehicle—assumptions that were contradicted by the Answers to the Complaint filed by three of the other Defendants—cannot be considered good cause. However, that is not the end of the inquiry, for even if a court determines that good cause for plaintiff's failure has not been shown, "a district court must still consider whether a permissive extension of time is warranted." under the facts of the particular case. *Panaras*, 94 F.3d at 341. The choice, when

good cause has not been shown, is "between dismissing the suit and giving the plaintiff more time" *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006). When making this determination, the court considers a number of factors to balance the hardships to both parties. *Coleman*, 290 F.3d at 934 (considering the actual harm to the defendant's ability to defend and the effect of dismissal in light of an expired statute of limitations); *Panaras*, 94 F.3d at 341; *see also* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.").

Here, the balance of the effects of the various factors upon the parties convinces the Court that it should exercise lenity and allow late service. First, the Plaintiffs' misunderstanding appears to have been a good faith one, and the Defendants have not shown any actual harm to their ability to defend the suit. Although the Court acknowledges that there is no evidence that the unserved Defendants evaded service, it is also not clear that they have been denied actual notice of the lawsuit. An extension would not create any recognizable prejudice to the Court or third parties. On the other hand, because the Plaintiffs' claims would be effectively dismissed with prejudice due to the running of the two-year statute of limitations on their personal injury claims, the Court finds, in its discretion, that a 30-day extension of time to properly serve Impel Union, Inc., and Dorin Tomacu is warranted in this case.

## CONCLUSION

For the reasons stated above, the Court DENIES the Motion of Defendant Tomacu and Impel Union, Inc., to Dismiss Plaintiff's Complaint at Law [ECF No. 20]. The Plaintiffs are

granted until 30 days after issuance of this Opinion and Order to meet the service requirements set forth in Federal Rule of Civil Procedure 4.

SO ORDERED on January 18, 2019.

                                         s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT